IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK OFFENBACHER,                                    07-CV-326-BR

              Plaintiff,                VERDICT, FINDINGS OF
                                                     FACT, AND CONCLUSIONS
v.                                                   OF LAW

DAN AHART, an individual;
BLUEFIN, INC., an Oregon
corporation; and the F/V
MIGRATOR, a vessel now
ported in Coos Bay, Oregon,

              Defendants.
_____

F/V STILLWATER, LLC,

        Claimant,

v.

DAN AHART, an individual,
and BLUEFIN, INC., an Oregon
corporation, and MARK OFFENBACHER,

        Cross-Claim Defendants.


1 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

**GORDON T. CAREY, JR.**
721 S.W. Oak Street
2nd Floor
Portland, OR 97205
(503) 222-1415

        Attorney for Mark Offenbacher

**NOAH JARRETT**
Schwabe, Williamson & Wyatt, PC
1211 Southwest Fifth Avenue,
Suites 1600-1900
Portland, OR 97204
(503) 796-2936

        Attorneys for Dan Ahart; Bluefin, Inc.; and F/V
        Migrator

**DEAN D. DECHAINE**
**MICHELLE E. BARTON**
Miller Nash LLP
111 S.W. Fifth Avenue
Suite 3400
Portland, OR 97204
(503)205-2452

        Attorneys for F/V Stillwater, LLC

**BROWN, Judge.**

     Plaintiff Mark Offenbacher brings *in personam* claims against

Defendants Dan Ahart; Bluefin, Inc.; and F/V Migrator alleging

claims for negligence under the Jones Act, 46 U.S.C. § 688,

unseaworthiness, and maintenance and cure.  Plaintiff also brings

*in rem* claims against the F/V Migrator and Crab Permits #96338

and #96720 allegedly associated with the vessel.  Plaintiff

contends Defendants were negligent in the operation of the F/V

Migrator, an American vessel operating on the navigable waters of

2 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

the United States, and, as a result of Defendants' negligence,
Plaintiff fell in an open hatch on the vessel and injured
himself.  Plaintiff seeks a monetary judgment against Defendants
for maintenance and cure, pain and suffering, and lost wages.

Defendants Ahart and Bluefin, Inc., deny Plaintiff was
employed as a crew member of the F/V Migrator and, in addition,
assert Plaintiff was comparatively negligent, committed trespass,
and engaged in willful misconduct.  F/V Stillwater, LLC, the
current owner of the F/V Migrator, also contends Plaintiff was
comparatively negligent, committed trespass, and engaged in
willful misconduct.  In addition, F/V Stillwater, LLC, asserts a
cross-claim against Plaintiff in which it contends Plaintiff's
claim against the crab permits is improper.  F/V Stillwater, LLC,
seeks indemnity against Defendants Ahart and Bluefin, Inc., for
any damages that Plaintiff recovers against F/V Stillwater, LLC,
and the crab permits.[1]

This matter was tried to the Court on October 16, 2008.  On
October 23, 2008, the Court issued an Order in which it noted:

> For the reasons stated on the record, the Court
> **FINDS** that Plaintiff has proved by a preponderance
> of the evidence all elements of his Jones Act
> negligence claim against Defendants Bluefin, Inc.,
> and F/V Migrator, including his status as a
> "seaman;" that these Defendants have proven
> Plaintiff's own negligence was a cause of his

---

[1] F/V Stillwater, LLC, also asserts a crossclaim against
Defendants Ahart and Bluefin, Inc., for indemnity, but the Court
severed that crossclaim for separate resolution.

3 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

> injury; and that the proportionate responsibility
> as between Plaintiff and these Defendants is 30%
> to Plaintiff and 70% to these Defendants.

Order at 1 (issued Oct. 23, 2008).  The Court directed the

parties to submit post-trial briefs by December 1, 2008,

addressing all of the issues that remained for the Court to

decide and to include the following in their supplemental

submissions:

(1)   the basis for and the amount(s) of money damages the
      Court should award on Plaintiff's Jones Act negligence
      claim and the Defendant(s) against whom the award
      should be entered;

(2)   the basis for and the verdict(s) the Court should enter
      on Plaintiff's Second Claim for unseaworthiness and
      Third Claim for maintenance and cure and the
      Defendant(s) against whom the award(s) should be
      entered;

(3)   the basis for and the verdict the Court should enter as
      to Plaintiff's lien claims against the F/V Stillwater;
      and

(4)   any other matter on which any party contends the Court
      must make findings or must otherwise resolve.

**<u>VERDICT</u>**

The Court has weighed, evaluated, and considered the

4 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

evidence presented at trial and has completed its deliberation. Based on its Findings of Fact and Conclusions of Law made herein pursuant to Federal Rule of Civil Procedure 52(a), the Court renders the following Verdict:

1.　In favor of Plaintiff and against Defendants Ahart and Bluefin, Inc., on Plaintiff's First Claim for negligence under the Jones Act on the basis that Plaintiff proved by a preponderance of the evidence that Defendants Ahart and Bluefin, Inc., were 70% at fault for Plaintiff's injury.

2.　In favor of Defendants Ahart and Bluefin, Inc., on their affirmative defense of comparative negligence as to Plaintiff's First Claim on the basis that Defendants proved by a preponderance of the evidence that Plaintiff was 30% at fault for his injury.

3.　In favor of Plaintiff and against Defendants Ahart and Bluefin, Inc., on Plaintiff's First Claim for negligence in the sum of $75,000 less 30% for Plaintiff's comparative negligence for a total award of **$50,000** for pain and suffering and the sum of **$34,788.00** for lost wages calculated as follows:

| Year | Lost Wages | 30% Reduction | Wages Earned | Total |
|------|-----------|---------------|--------------|-------|
| 2006 | $18,000 | $5,400 | $5,112 | $7,488 |
| 2007 | $18,000 | $5,400 | $0 | $12,600 |
| 2008 | $18,000 | $5,400 | $0 | $12,600 |
| 2009 (prorated) | $3,000 | $900 | $0 | $2,100 |
| | | | | **$34,788** |

4. In favor of Plaintiff against Defendants Ahart and Bluefin, Inc., on Plaintiff's Second Claim for unseaworthiness.

5. In favor of Defendants and against Plaintiff on Plaintiff's Third Claim for maintenance.

6. In favor of Plaintiff and against Defendants on Plaintiff's Third Claim for cure in the sum of **$14,746.45.**

7. In favor of Plaintiff and against Defendants as to Plaintiff's Third Claim for cure in the form of a lien on the F/V Stillwater up to the value of the F/V Migrator and Crab Permit #96338 at the time Plaintiff asserted his lien.

8. In favor of Plaintiff and against Defendant Ahart on Plaintiff's Fourth Claim for piercing the corporate veil of Bluefin, Inc., and, as a result, holds Defendant Ahart personally liable for damages arising

from Plaintiff's claims.

## PARTIES' POSITIONS

Plaintiff contends the fact that the hatch was left open rendered the F/V Migrator unseaworthy.  Defendants, however, assert the open hatch did not render the F/V Migrator unseaworthy.

Plaintiff contends he is entitled to maintenance and cure. Defendants, however, contend Plaintiff has not established he has any living expenses, and, therefore, he is not entitled to maintenance.

Defendants also assert Plaintiff is not entitled to double recovery of his medical expenses under the Jones Act and as cure. Plaintiff, in turn, asserts he seeks medical expenses solely as cure rather than as damages under the Jones Act.

With respect to damages under the Jones Act, however, Defendants assert Plaintiff has not proven his lost wages and has not established he suffered significant pain or suffering as a result of his injuries.

F/V Stillwater, LLC, maintains any lien on the F/V Migrator arising from Plaintiff's claim for maintenance and cure is barred by laches or equitably should be limited to the value of the F/V Migrator at the time of Plaintiff's injury because Plaintiff unduly delayed in asserting his lien.  F/V Stillwater, LLC,

7 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

further contends Plaintiff is not entitled to a lien on the two crab permits.

Finally, Plaintiff asserts the Court should pierce the corporate veil of Bluefin, Inc., and hold Defendant Ahart personally liable for damages arising from Plaintiff's claims.

**FINDINGS OF FACT**

The Court finds the following facts by a preponderance of the evidence:

1.   Plaintiff earned between $30,000 and $40,000 in 2003 based on the testimony of Dan Ahart.

2.   Plaintiff earned $14,658.75 in 2004 based on checks from Bluefin, Inc.'s account as well as W-2 forms from Opti Staffing and Crusher Dawgs, Inc.

3.   Bluefin, Inc., paid Plaintiff $19,503.60 in wages for the period from December 2004 through October 2005 based on checks from Bluefin, Inc., as noted by Plaintiff in his testimony.

4.   Plaintiff earned $5,111.66 in 2006 based on checks and a 1099-MISC admitted into evidence.

5.   Although Plaintiff did not consult a tax professional, he believed he did not owe any taxes for the last ten years and, therefore, did not file income-tax forms or pay income taxes for that time.

6.   Plaintiff went on two or three fishing trips and worked
     on Dan Ahart's ranch after he was injured.

7.   After his accident, Plaintiff was not able to do the
     fishing work that he used to do nor to participate in
     certain leisure activities such as running, riding a
     bike, and bowling.

8.   Before and after his accident, Plaintiff lived in
     Canby, Oregon, with his mother without paying rent or
     paying part of the mortgage nor was there ever any
     agreement to pay rent or part of the mortgage.

9.   Plaintiff does not have any agreement with his mother
     that he will pay her for his living expenses.

10.  Plaintiff needs surgery to repair his knee, which will
     cost $12,000.

11.  Plaintiff had incurred $2,746.45 in medical expenses as
     of the date of trial.

12.  On July 25, 2006, F/V Stillwater, LLC, purchased the
     F/V Migrator and Crab Permit #96270 from Bluefin, Inc.,
     for $140,000.

13.  F/V Stillwater, LLC, was not aware of Plaintiff's
     injury at the time it purchased the F/V Migrator from
     Bluefin, Inc.

14.  Before F/V Stillwater, LLC, purchased the F/V Migrator,
     John Roos, a member of F/V Stillwater, LLC, asked Ahart

9 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

if there were any liens or if he knew of any claims
that might result in liens on the F/V Migrator, and
Ahart told him there were not any liens or possible
claims.

15. On September 5, 2006, F/V Stillwater, LLC, legally
assigned Crab Permit #96270, which it purchased with
the F/V Migrator, to the F/V Stillwater.

16. On September 5, 2006, F/V Stillwater, LLC, legally
assigned Crab Permit #96338 to the F/V Migrator.

17. On December 13, 2006, Plaintiff asserted a lien on the
F/V Migrator and Crab Permits #96270 and #96338.

18. Dan Ahart was the sole shareholder of Bluefin, Inc.

19. Ahart did not keep separate books for Bluefin, Inc., or
Ahart Ranch, his other business.

20. Ahart withdrew money from Bluefin, Inc., for his own
bills and expenses.

21. Bluefin, Inc., passed money to Ahart Ranch, and Ahart
Ranch passed funds back to Bluefin, Inc.

22. Ahart withdrew funds from Bluefin, Inc., for personal
use.

23. Bluefin, Inc., was administratively dissolved and
reinstated four times between May 2001 and May 2007.

24. Bluefin, Inc., and/or Ahart are not able to pay their
bills at this time due to lack of funds.

10 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

## CONCLUSIONS OF LAW

Based on the Court's factual findings, the Court reaches the following conclusions of law:

1.  The Court clarifies its finding in its Order issued October 23, 2008, as to Plaintiff's Jones Act negligence claim as follows:  Such a claim does not create a maritime lien for injury to a seaman, and, moreover, liability for such injuries is a personal obligation of the seaman's employer. *See Overstreet v. Water Vessel Norkong,* 706 F.2d 641, 645 n.14 (5th Cir. 1987).  Accordingly, the Court's finding of negligence under the Jones Act in its October 23, 2008, Order applies only to Defendants Ahart and Bluefin, Inc., and does not give rise to any lien.

2.  A party seeking damages for negligence under the Jones Act has the burden to prove "'he has suffered damage and to prove the elements thereof with reasonable certainty.'" *Walden v. United States*, 31 F. Supp. 2d 1230, 1235 (S.D. Cal. 1998)(quoting *Peters v. Lines*, 275 F.2d 919, 930 (9th Cir. 1960)).  Accordingly, "any claim by [a] plaintiff for lost wages, medical expenses, and impaired future earning capacity must be supported by concrete evidence, not merely an optimistic forecast of loss divorced from [the]

11 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

plaintiff's past history substantiated by the facts."
*Id*. (citations omitted).  In addition, "an award for
lost or future earnings must be based on actual proof
of the amount of impairment and not mere conjecture."
*Id*. (citations omitted).  Here Plaintiff testified he
made between $30,000 and $35,000 per year from fishing.
Plaintiff, however, did not produce tax returns,
checks, or other documentation to support his testimony
and acknowledged when he testified that the amount of
income he could make as a commercial fisherman was hard
to estimate because it could vary depending on the boat
he worked on, the effort the crew put into fishing, and
other factors.  Moreover, the Court has found, based on
the evidence presented at trial, that Plaintiff made
between $30,000 and $40,000 in 2003, $14,658.75 in
2004, $19,503.60 from December 2004 through October
2005, and $5,111.66 in 2006.  The Court concludes on
this record that an appropriate and substantiated
amount of future lost wages as to Plaintiff's
negligence claim based on more than an optimistic
forecast is **$18,000** per year, and, therefore, Plaintiff
is entitled to **$18,000** for each year less any wages
actually earned by Plaintiff in that year and less 30%
for Plaintiff's comparative fault.

3.   According to Defendants, the Court should reduce its
     award to Plaintiff by the applicable taxes and other
     withholding items.  *See Jones & Laughlin Steel Corp. v.*
     *Pfeifer*, 462 U.S. 523, 534 (1983)("On the other hand,
     the injured worker's lost wages would have been
     diminished by state and federal income taxes.  Since
     the damages award is tax-free, the relevant [income]
     stream is ideally of after-tax wages and benefits.").
     *See also Simeonoff v. Hiner*, 249 F.3d 883, 892-93 (9th
     Cir. 2001)(affirmed district court's finding of the
     proper value of back wages adjusted for taxes and
     future wages reduced to present value and adjusted for
     taxes).  A defendant has the burden of proving the
     amount and kind of income taxes they want deducted from
     a plaintiff's award.  *See Almeida v. United States*,
     No. 79 Civ. 5196(MJL), 1983 U.S. Dist LEXIS 18169, at
     *19-20 (S.D.N.Y. Mar. 29, 1983).  *See also Norfolk &*
     *Western R. Co v. Liepelt*, 444 U.S. 490, 494 n.7 (1980)
     (as a rule, a defendant is entitled to present evidence
     of taxes and other liabilities that would reduce a
     plaintiff's future wages, but such evidence can be
     excluded when its effect on an award would be *de*
     *minimis* and it could cause more confusion than it is
     worth).  Here Defendants did not present any evidence

13 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

of Plaintiff's potential tax liability, his expenses,
or other factors for the Court to consider.  The Court,
therefore, concludes a reduction of Plaintiff's lost
wages for income taxes and other withholding items
would be based on mere speculation.  Accordingly, the
Court declines to reduce Plaintiff's lost wages for
income taxes or other withholding items.

4.    Plaintiff testified he suffered excruciating pain at
the time of his accident.  Although his injury is
somewhat less painful now, Plaintiff testified it still
prohibits him from participating in leisure activities
such as bowling, bike riding, or running.  The Court
concludes an award of $75,000 less 30% for Plaintiff's
comparative negligence for a total award of **50,000** is
warranted for Plaintiff's pain and suffering.

5.    The Court concludes the open, unlit hatch on the
F/V Migrator rendered it unfit for its intended purpose
and, therefore, unseaworthy.  To be seaworthy, the
vessel, crew, appurtenances, and operation must be fit
for the vessel's intended purpose.  *Mitchell v. Trawler
Racer*, 362 U.S. 539, 549-50 (1960).  *See also Ladhe v.
Soc. Armadora del Norte*, 220 F.2d 357, 358-60 (9th Cir.
1955)("In [the] dimly lighted area, the stevedore fell
through the open hatch and was injured. . . .   The

14 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

above allegations clearly state a cause of action for
damages caused by the vessel's unseaworthiness.");
*Feyen v. Am. Mail Lin*, 271 Or. 76, 81 (1975)(a
"temporary condition which prevents a ship from being
reasonably fit for its intended use . . . renders the
ship unseaworthy.").

6.   The Court finds Plaintiff was injured while he was in
the service of the F/V Migrator, and, therefore, he is
entitled to cure.  Based on this record, the Court
concludes Plaintiff has incurred $2,746.45 in medical
expenses and will incur an additional $12,000 for knee
surgery.

7.   The Court concludes Plaintiff has not proven his
maintenance claim.  *See Johnson v. United States*, 333
U.S. 46, 50 (1948)(denial of maintenance is proper when
an injured seaman does not incur any expenses for his
care and support because he is living with his
parents).  *See also Barnes v. Andover Co.*, 311 F.2d
630, 641 (3d Cir. 1990)(when a seaman is supported by
family members but has an agreement to repay them,
maintenance is appropriate); *McCormick Shipping Co. v.
Duvalier*, 311 F.2d 933, 934 (5th Cir. 1963)(seaman was
entitled to maintenance even though he lived with his
cousin and did not pay him because the seaman had an

agreement to make payment and there was not an
expectation of charity).

8.  The Court declines to consider Plaintiff's supplemental
submissions, including magazine articles and United
States Department of Agriculture statistics that note
the cost of living in Portland, Oregon.  At the end of
trial, the Court made clear to the parties that the
record was closed.  In addition, even if the Court were
to take judicial notice of the submissions, Plaintiff
lives in Canby, Oregon, rather than Portland, Oregon.
Accordingly, the data in Plaintiff's submissions are
not particularly helpful.

9.  F/V Stillwater, LLC, relies on a number of cases to
support its contention that Plaintiff unduly delayed
asserting his lien, but those cases are distinguish-
able.  For example, in *Norfolk Sand & Cement Co. v.
Owen*, 115 F. 778 (4th Cir. 1902), although the court
concluded the plaintiff's delay of 15-16 months before
seeking a lien for repairs was unreasonable, the court
found the plaintiff's delay of only 11 months for a
separate lien for repairs was reasonable.  In *Trivizas
v. Tanjong Shipping Co.*, 1982 A.M.C. 2520 (S.D.N.Y.
1982), the court concluded the plaintiff's delay of 70
days before seeking a lien was unreasonable, but the

plaintiff was aware of the sale of the vessel in that
case and deliberately did not assert his claim for
personal injury until after the sale.  Here F/V
Stillwater, LLC, did not raise the affirmative defense
of laches until its post-trial memorandum.  In
addition, although the record establishes F/V
Stillwater, LLC, was not aware of the lien at the time
it purchased the F/V Migrator, it also reflects
Plaintiff was not aware of the sale of the F/V Migrator
until after he sought to assert his lien.  Thus, there
is not any evidence that Plaintiff intentionally
delayed asserting his lien until after the F/V Migrator
was sold or that he acted in bad faith.  In addition,
Plaintiff was injured in March 2006 and served notice
of his lien on F/V Stillwater, LLC, nine months later
in December 2006.  On this record, the Court concludes
Plaintiff's lien is not barred by laches and, in the
exercise of its discretion, declines to bar Plaintiff's
lien or to conclude on equitable grounds that
Plaintiff's lien is limited to the value of the F/V
Migrator at the time of Plaintiff's injuries.

10.  Because the Court concludes Plaintiff did not unduly
delay or act in bad faith in asserting his lien in
December 2006 and Plaintiff was not aware of the sale

of the F/V Migrator when he sought to assert his lien, the Court concludes Plaintiff's lien applies to the value of the F/V Migrator at the time Plaintiff asserted his lien as opposed to the value of the F/V Migrator at the time Plaintiff was injured.

11. The First Circuit has concluded maritime liens attach "not only to the bare vessel," but also to fishing permits that are "appurtenances" to the vessel. *Gowen, Inc. v. F/V Quality One*, 244 F.3d 64, 69 (1st Cir. 2001). The court noted "not only the market value, but the creditworthiness of the fishing vessel may well depend on its permits quite as much as on its engine, physical dimensions, and navigation equipment." *Id*. at 68. In addition, the court found "no obvious arguments exist against treating the permits as subject to lien." *Id*. at 69. Finally, the court concluded "[t]here is no evidence of any common understanding in the maritime world that permits are, or are not, subject to liens . . . . The only circuit case on point assumed without discussion that permits were subject to liens, but the issue was not actively litigated." *Id*. (citing *Bank of Am. v. PENGWIN*, 175 F.3d 1109, 1119 (9th Cir. 1999)). This Court adopts the reasoning of *Gowen*. In addition, the Court notes there is not any evidence in the record

that F/V Stillwater, LLC, transferred the permits for any reason other than a business decision about the most effective use of the permits or that it transferred them to reduce the value of the F/V Migrator. Accordingly, the Court concludes Plaintiff's lien extends only to Crab Permit #96338, which was the permit assigned to the F/V Migrator at the time Plaintiff asserted his lien.

12. "Generally, corporate shareholders enjoy limited liability - they are not responsible for the debts of a corporation beyond their capital contribution." *Salem Tent & Awning Co. v. Schmidt*, 79 Or. App. 475, 481 (1986)(citing Or. Rev. Stat. § 57.131 and *Amfac Foods v. Int'l Sys.*, 294 Or. 94, 102 (1982)). "Piercing the corporate veil . . . is an extraordinary remedy to be used only as a last resort when a party is unable to obtain an adequate remedy from the corporation. Under certain circumstances, however, corporate creditors may 'pierce the corporate veil' and recover directly from shareholders." *Id.* (citation omitted). To pierce the corporate veil, Plaintiff must establish (1) Ahart actually controlled the corporation, (2) Ahart engaged in improper conduct "in the exercise of control over the corporation," and (3) Ahart's improper conduct

19 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

"caused [Plaintiff's] inability to obtain an adequate
remedy from the corporation." *Id.* (citing *Amfac Foods*,
294 Or. at 106-12).  Here it is undisputed that Ahart
controlled Bluefin, Inc.  Plaintiff asserts Ahart
engaged in improper conduct in the exercise of his
control over Bluefin, Inc., when he commingled the
assets of Bluefin, Inc., with his personal assets and
the assets of Ahart Ranch.  The record reflects Ahart
did not keep separate books for Bluefin, Inc.; Ahart
Ranch; and himself.  Ahart testified "money was pushed
back and forth [between the companies and himself] as
needed."  Commingling of assets constitutes improper
conduct for purposes of piercing the corporate veil.
*State ex rel Neidig v. Superior Nat'l Ins. Co.*, 208 Or.
App. 1, 11-12 (2006).  Although Ahart deposited the
$140,000 in proceeds from the sale of the F/V Migrator
into his personal account rather than the account of
Bluefin, Inc., he testified those funds were "like a
loan to the corporation."  There is not, however, any
evidence of promissory notes or IOUs to support Ahart's
assertion.  The Court, therefore, concludes Plaintiff
has established that Ahart engaged in improper conduct.
As to the third prong, Ahart testified Bluefin, Inc.,
could not afford to pay Plaintiff's medical bills and

did not have personal-injury insurance for any of his
vessels.  As noted, however, Ahart deposited the
$140,000 proceeds from the sale of the F/V Migrator
into his personal account rather than into the account
of Bluefin, Inc.  Although it is a close question, the
Court concludes Plaintiff has established that Ahart's
improper conduct of commingling assets "caused
[Plaintiff's] inability to obtain an adequate remedy
from the corporation."  Accordingly, the Court grants
Plaintiff's request to pierce Bluefin, Inc.'s corporate
veil and to hold Ahart personally liable for damages
arising from Plaintiff's claims.

## CONCLUSION

For these reasons, the Court enters its Verdict as follows:

1.    In favor of Plaintiff and against Defendants Ahart and
      Bluefin, Inc., on Plaintiff's First Claim for
      negligence under the Jones Act on the basis that
      Plaintiff proved by a preponderance of the evidence
      that Defendants Ahart and Bluefin, Inc., were 70% at
      fault for Plaintiff's injury.

2.    In favor of Defendants Ahart and Bluefin, Inc., on
      their affirmative defense of comparative negligence as
      to Plaintiff's First Claim on the basis that Defendants

21 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

proved by a preponderance of the evidence that
Plaintiff was 30% at fault for his injury.

3.  In favor of Plaintiff and against Defendants Ahart and
Bluefin, Inc., on Plaintiff's First Claim for
negligence in the sum of $75,000 less 30% for
Plaintiff's comparative negligence for a total award of
**$50,000** for pain and suffering and the sum of
**$34,788.00** for lost wages calculated as follows:

| Year | Lost Wages | 30% Reduction | Wages Earned | Total |
|------|-----------|---------------|--------------|-------|
| 2006 | $18,000 | $5,400 | $5,112 | $7,488 |
| 2007 | $18,000 | $5,400 | $0 | $12,600 |
| 2008 | $18,000 | $5,400 | $0 | $12,600 |
| 2009 (prorated) | $3,000 | $900 | $0 | $2,100 |
|      |         |      |     | **$34,788** |

4.  In favor of Plaintiff against Defendants Ahart and
Bluefin, Inc., on Plaintiff's Second Claim for
unseaworthiness.

5.  In favor of Defendants and against Plaintiff on
Plaintiff's Third Claim for maintenance.

6.  In favor of Plaintiff and against Defendants on
Plaintiff's Third Claim for cure in the sum of
**$14,746.45.**

7.  In favor of Plaintiff and against Defendants as to

Plaintiff's Third Claim for cure in the form of a lien on the F/V Stillwater up to the value of the F/V Migrator and Crab Permit #96338 at the time Plaintiff asserted his lien.

8.   In favor of Plaintiff and against Defendant Ahart on Plaintiff's Fourth Claim for piercing the corporate veil of Bluefin, Inc., and, as a result, holds Defendant Ahart personally liable for damages arising from Plaintiff's claims.

IT IS SO ORDERED.

DATED this 25th day of February, 2009.


                              /s/ Anna J. Brown

                              _____
                              ANNA J. BROWN
                              United States District Judge